UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANTHONY LETT,<br>Plaintiff,<br>v.<br>DEPARTMENT OF JUSTICE,<br>Defendant. | Civil Action No. 23-3942 (SLS) |

**DECLARATION OF AUBORN FINNEY**

I, Auborn Finney, declare the following under 28 U.S.C. § 1746:

1. I am currently employed as an Attorney-Advisor with the Freedom of Information Act ("FOIA")/Privacy Act staff of the Executive Office for United States Attorneys ("EOUSA") within the United States Department of Justice. I have been employed in this capacity since October 2019. Prior to my current position with EOUSA, I worked as the FOIA Program Manager at the Department of Energy and FOIA Team Lead with the Department of Commerce in the Bureau of International Trade Administration. I have processed all phases of FOIA and Privacy Act requests, including appeals and litigation. As an attorney with EOUSA, I work as a liaison among other divisions and offices of the Department of Justice, providing advice on responding to requests for access to information located in the U.S. Attorney's Office for the District of Columbia and the other ninety-three districts of the United States Attorneys' Offices ("USAOs"). Further, I review the adequacy of searches conducted in response to requests and determinations made on these requests by EOUSA staff to ensure that the processing of records and determinations to disclose or withhold responsive records are made in accordance with FOIA, 5 U.S.C. § 552, the

Privacy Act, 5 U.S.C. § 552a, and the Department of Justice regulations at 28 C.F.R. § 16.3 *et. seq*. and § 16.40 *et seq*.

2. Due to the nature of my responsibilities, I am familiar with the procedures followed by this office in responding to the FOIA request at issue in this lawsuit, which was submitted to EOUSA by Anthony Lett ("Plaintiff") concerning records about his criminal case. I have reviewed the Complaint that is the basis of this lawsuit.

3. The statements contained in this declaration are based upon my personal knowledge, upon information provided to me in my official capacity as an Attorney-Advisor, and upon conclusions and determinations reached and made in accordance therewith.

4. The purpose of this declaration is to provide Plaintiff with information regarding EOUSA efforts processing potentially responsive records and response to Plaintiff's requests, and information supporting EOUSA's determination to withhold certain information from disclosure under the FOIA. EOUSA has invoked FOIA Exemption 3 in conjunction with the Consolidated and Further Continuing Appropriations Act of 2012, Pub. L. No. 112-55, 125 Stat. 552, 609–10 (2011) (codified at 18 U.S.C. § 923 note), commonly known as the 2012 Tiahrt Rider, and also FOIA Exemptions 6, 7(C), and 7(E). EOUSA also withheld information prohibited from disclosure under the court-ordered seal issued in United States of America vs. Anthony Lett, 16-cr-00198.

5. EOUSA provides a *Vaughn* Index justifying these withholdings made under FOIA. See Exhibit 1, attached to this declaration.

**PLAINTIFF'S REQUESTS TO EOUSA**

6. By letters dated May 9, 2023, and May 22, 2023, EOUSA received a request from Plaintiff submitted under the FOIA and Privacy Act.

7. The May 9 request sought all records pertaining to: (1) Cuyahoga County Court of Common Pleas, case number 605940-16-CR; (2) CR-16-608959-A from Cleveland Ohio; and (3) the United States District Court for the Northern District of Ohio, case number 16-CR-198. See Exhibit 2, attached to this declaration. Plaintiff also sought all records pertaining to: (1) the Heckler and Koch, 9mm, serial number 27-171439; (2) Kahr Arms, Model: CW45, .45 caliber pistol, serial number: 5G7855; and (3) Kahr Arms, Model: CW45, .45 caliber pistol, serial number: CA3372. See id.

8. The May 22 request sought all records pertaining to a warrant that was issued on or about April 30, 2016, from the Cleveland Police Department, Warrant and Suspect Unit, and/or Cleveland Municipal Court. See Exhibit 3, attached to this declaration. Also, all records pertaining to the booking report, investigation reports, video surveillance on or about April 30, 2016, from Strongsville (Jail) Police Department and Berea (Jail) Police Department. See id.

9. On June 14, 2023, EOUSA responded to Plaintiff with a letter acknowledging receipt of the letters/requests and assigning it tracking number EOUSA-2023-002401. See Exhibit 4, attached to this declaration.

10. On December 19, 2023, Plaintiff filed this action against EOUSA asserting a claim under FOIA.

11. The USAO-Northern District of Ohio conducted a search for records responsive to the requests. See Galvin Decl.

12. EOUSA reviewed and processed potentially responsive records on a rolling basis and sent response letters with responsive documents to Plaintiff on January 14, 2025, and June 3, 2025. See Exhibit 5, attached to this declaration.

13. In total, the U.S. Attorney's Office for the Northern District of Ohio submitted 656 pages of documents to EOUSA in connection with this FOIA request. Of the 656 pages EOUSA determined were responsive, EOUSA released 452 pages in full; released 118 pages in part; and withheld 86 pages in full. EOUSA determined that six of the pages were either not or duplicative of other pages that had already been provided.

## APPLICATION OF FOIA EXEMPTIONS

### I. FOIA Exemption 3 and the 2012 Tiahrt Rider

14. FOIA Exemption 3 protects from disclosure information which is "specifically exempted from disclosure by statute . . . if that statute (A)(i) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue." 5 U.S.C. § 552(b)(3)

15. The information ATF protected pursuant to Exemption 3 is information contained in the ATF Firearms Tracing System (FTS) database and/or is information Federal Firearm Licensees (FFLs) are required to maintain pursuant to section 923(g) of the Gun Control Act of 1968 (GCA), 18 U.S.C. §§ 921–930 (2000) (originally enacted as Act of Oct. 22, 1968, Pub. L. No. 90–618, § 1, 82 Stat. 1213). This information is exempt from the and the disclosure pursuant to Exemption 3 of the FOIA and the Consolidated and Further Continuing Appropriations Act of 2012, Pub. L. No. 112-55, 125 Stat. 552, 609–10 (2011) (codified at 18 U.S.C. § 923 note), commonly known as the 2012 Tiahrt Rider.

16. The most recent iteration of this restriction was included in ATF's 2012 Appropriation Bill, Public Law 112-55, 125 Stat. 552. Because Plaintiff requested GCA related information and the Rider bars the release of FTS data to FOIA requesters, the information was withheld pursuant to 5 U.S.C. section 552 (b)(3) and Public Law 112-55, 125 Stat. 552.

17. EOUSA applied FOIA Exemption 3 in conjunction with the 2012 Tiahrt Rider to withhold Form 4473 which is required to be maintained by an FFL and used to trace the origins of the firearm.

## II. FOIA Exemptions 6 and 7(C)

### A. FOIA Exemption 7 Threshold

18. Section 552(b)(7) of Title 5 of the U.S. Code exempts from disclosure certain records or information that is "compiled for law enforcement purposes."

19. EOUSA responds to FOIA requests on behalf of the ninety-four United States Attorney offices, which are responsible for the enforcement of federal laws in their respective districts, with the United States Attorney serving as each district's chief federal law enforcement officer.

20. All responsive records in this action were compiled during USAO-Northern District of Ohio's investigation, prosecution, and enforcement of the law. The criminal case file at issue was created and used for USAO-Northern District of Ohio's criminal investigation into Plaintiff.

21. As such, these records meet the threshold requirement of Exemption 7 of having been compiled for law enforcement purposes.

### B. Information Withheld Pursuant to FOIA Exemption 6 and 7(C) to Protect Individual Privacy

22. FOIA Exemptions 6 and 7(C) exempt from disclosure information that would constitute a clearly unwarranted invasion of personal privacy or would reasonably be expected to constitute an unwarranted invasion of personal privacy.

23. FOIA Exemption 6 exempts from disclosure "personnel and medical files and similar files" when disclosure of such information "would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). All information that applies to a particular

person falls within the scope of FOIA Exemption 6. This exemption protects both government officials and private third parties, whose identifies are revealed in government records, from unwarranted invasions of their personal privacy that would not shed light on government activities.

24. FOIA Exemption 7(C) exempts from disclosure "records or information compiled for law enforcement purposes" when disclosure "could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C). This exemption protects, among other information, the identity of law enforcement personnel and third parties referenced in files compiled for law enforcement purposes.

25. When withholding information pursuant to these two exemptions, EOUSA is required to balance the privacy interests of the individual mentioned in these records against public interest in disclosure. In asserting these exemptions, each piece of information was scrutinized to determine the nature and strength of the privacy interest of the individuals who appeared in the documents at issue. When withholding information, the individual's privacy interest was balanced against the public's interest in disclosure. For purposes of these exemptions, a public interest exists only when information about an individual, their name or other identifying information would shed light on the EOUSA's performance of its mission.

26. EOUSA applied FOIA Exemptions 6 and 7(C) to protect personal information relating to third parties and government officials. Specifically, the information withheld in part or in full under FOIA Exemptions 6 and 7(C) included the identities and identifying information of third-party individuals, such as (1) detectives and investigating agents; (2) other government employees; and (3) private third parties mentioned in the criminal investigative files and their personal information.

27. Release of identifying information of these third parties would lead to the foreseeable harm of subjecting them to an unwarranted invasion of their personal privacy by harming their reputation, by publicly associating them with criminal activity or a law enforcement investigation, unwanted contacted and subjecting them to harassment, or potential retaliation.

28. Also, EOUSA determined that there is no countervailing public interest that warrants the release of the identifying information because the disclosure of the information would not help explain the government's activities or operations.

29. The need to protect the third-party individuals' privacy rights, including their safety, far outweighs any public interest in the disclosure of the personal information.

30. For these reasons, as well as those discussed in the *Vaughn* index, EOUA withheld identifying information of third-party individuals as required pursuant to Exemptions 6 and 7(C).

**III. FOIA Exemption 7(E)**

31. FOIA Exemption 7(E) exempts from disclosure records or information compiled for law enforcement purposes when production of such records or information "would disclose techniques and procedures for law enforcement investigations or prosecutions or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law." 5 U.S.C. § 552(b)(7)(E). This exemption affords categorical protection to techniques and procedures used in law enforcement investigations. It protects techniques and procedures that are not well-known to the public, as well as non-public details concerning the use of publicly known techniques and procedures.

32. In this instance, the information withheld pursuant to Exemption 7(E) were compiled for law enforcement purposes during an ongoing investigation or created by a detective. If this information was release it would result in foreseeable harm because it would reveal the type of information collected during a criminal investigation or otherwise put, give criminals insight

into the type of information gathered, analyzed, and utilized in criminal investigations. The disclosure of this information will allow criminals to employ countermeasures to avoid providing the investigating agency with data to further the investigation and circumvent law enforcement.

33. For these reasons, as well as those discussed in the *Vaughn* index, EOUA withheld techniques and procedures for law enforcement investigations that could reasonably be expected to risk circumvention of the law.

**IV. Withholding of Materials Held Under Court-Ordered Seal**

34. EOUSA is prohibited from releasing certain pretrial services and probation officer material because it is sealed by court order in *United States of America vs. Lett*, 16-cr-00198 (N.D. Ohio) and as such is not subject to disclosure through the FOIA. An agency properly withholds such sealed documents when there is no discretion to release the record covered by an injunction, protective order, or court seal prohibiting its disclosure. I carefully reviewed the case files and determined that there is no subsequent order unsealing the documents at issue and therefore these documents remain subject to the seal prohibiting their disclosure. Thus, because the documents remain sealed pursuant to court order, they are unavailable for public release through the FOIA.

**SEGREGATION AND RELEASE OF NON-EXEMPT MATERIAL**

35. Under FOIA, federal agencies are required to release any portion of the record that is non-exempt and that is reasonably segregable from the exempt material. 5 U.S.C. § 552(a)(8)(A). If non-exempt information contained in the record is inextricably intertwined with exempt information, then reasonable segregation is not possible.

36. An agency may satisfy its segregability obligations by providing an explanation that adequately describes each withheld document and the exemption under which it was withheld and submitting a declaration attesting that the agency released all segregable material.

37. In reviewing the responsive material, EOUSA staff conducted a detailed, page-by-page, line-by-line review to satisfy EOUSA's reasonable segregability obligations, including evaluating all material under the foreseeable harm standard, and released all reasonably segregable non-exempt information from documents responsive to Plaintiff's request. The material withheld was either exempt itself or was so intertwined with non-exempt information that segregation of the non-exempt information was not reasonably possible without revealing exempt information or leaving nothing but meaningless words or sentence fragments. No further information could be disclosed without causing reasonably foreseeable harm to an interest that the exemptions protect.

Pursuant to 28 U.S.C. § 1746, I declare under the penalty of perjury that the foregoing is true and correct, to the best of my knowledge and belief.

Executed in Washington, D.C., on this 26th day of January 2026.

Auborn Finney

Auborn Finney
Attorney-Advisor
Executive Office for United States Attorneys
Freedom of Information/Privacy Act Staff

**U.S. Department of Justice**

Executive Office for United States Attorneys

Freedom of Information and Privacy Staff

*Suite 5.400, 3CON Building*
*175 N Street, NE*
*Washington, DC 20530*

*(202) 252-6020*
*FAX (202) 252-6048*

***Anthony Lett v. Department of Justice***
**Case No. 23-3942**
***Vaughn* Index**

The U.S. Attorney's Office for the Northern District of Ohio submitted 662 pages of documents to EOUSA for responsiveness review and processing in connection with the response to this FOIA request. 452 pages were released in full, 118 pages were released in part, and 86 pages were withheld in full. With respect to the other pages 6 of the pages were duplicates of pages that had already been provided.

EOUSA processed the response in two parts. EOUSA made an interim response on January 14, 2025. In the January 15, 2025, interim response, EOUSA released 427 pages in full, 2 pages in part, and 83 pages were withheld in full. On June 3, 2025, EOUSA issued a second and final response, consisting of 25 pages released in full, 116 pages released in part, and 3 pages withheld in full.

This *Vaughn* Index provides information in further support of withholdings that Plaintiff challenges in this FOIA litigation. The *Vaughn* Index entries are organized by the date of the interim release.

This Vaughn index addresses only those records withheld in full or in part.

Legend
WIF – Withhold in Full
RIP – Release in Part

| Page Number | Description of Record | Disclosure | Comments |
|---|---|---|---|
| 0015-0035 | Criminal history category report prepared by U.S. pretrial services & probation officer | WIF<br>Court sealed | Under the Freedom of Information Act, an agency has no discretion to release any record covered by an injunction, protective order, or court seal which prohibits disclosure. *See* *GTE Sylvania, Inc. v. Consumers Union*, 445 U.S. 375, 386-387 (1980). |

Exhibit 1

| | | | |
|---|---|---|---|
| 0048-0109 | Presentence investigation report | WIF<br>Court Sealed | Under the Freedom of Information Act, an agency has no discretion to release any record covered by an injunction, protective order, or court seal which prohibits disclosure. *See* *GTE Sylvania, Inc. v. Consumers Union*, 445 U.S. 375, 386-387 (1980). |
| 0332-0333 | Email<br>FW: Activity in case 1:16-cr-00198-DCN<br><br>11 Apr 2018 | RIP<br>B6, B7C | This document contains personal information concerning private individuals and/or government employees acting in their official capacity whose release could reasonably be expected to "constitute an unwarranted invasion of personal privacy." Disclosure could subject him/her to harassment. The mention of a private individual's name in a law enforcement file engenders comment and speculation and could produce an unfair stigma which could expose the individual to harassment or criticism. The individuals' substantial privacy interests outweigh any purported public interest in disclosure in these circumstances. |
| 0513-0514 | Complaint summary | RIP<br>B6, B7C, B7E | This document contains personal information concerning private individuals and/or government employees acting in their official capacity whose release could reasonably be expected to "constitute an unwarranted invasion of personal privacy." Disclosure could subject him/her to harassment. The mention of a private individual's name in a law enforcement file engenders comment and speculation and could produce an unfair stigma which could expose the individual to harassment or criticism. The individuals' substantial privacy interests outweigh any purported public interest in disclosure in these circumstances.<br><br>Strategies for Utilization of Particular |

| | | | |
|---|---|---|---|
| | | | Evidence. Shows details about techniques and procedures that would reveal investigative focus and scope, and circumstances, methods and fruits of investigatory operations. |
| 0515-0516 | City of Cleveland correspondence | RIP<br>B6, B7C | This document contains personal information concerning private individuals and/or government employees acting in their official capacity whose release could reasonably be expected to "constitute an unwarranted invasion of personal privacy." Disclosure could subject him/her to harassment. The mention of a private individual's name in a law enforcement file engenders comment and speculation and could produce an unfair stigma which could expose the individual to harassment or criticism. The individuals' substantial privacy interests outweigh any purported public interest in disclosure in these circumstances. |
| 0517-526<br>0533 | Report of Investigation | RIP<br>B6, B7C, B7E | This document contains personal information concerning private individuals and/or government employees acting in their official capacity whose release could reasonably be expected to "constitute an unwarranted invasion of personal privacy." Disclosure could subject him/her to harassment. The mention of a private individual's name in a law enforcement file engenders comment and speculation and could produce an unfair stigma which could expose the individual to harassment or criticism. The individuals' substantial privacy interests outweigh any purported public interest in disclosure in these circumstances.<br><br>Strategies for Utilization of Particular Evidence. Shows details about techniques and procedures that would reveal investigative focus and scope, and circumstances, methods and fruits of investigatory operations. |

| | | | |
|---|---|---|---|
| 0534-0535 | Statement of qualifications | RIP<br>B6, B7C | This document contains personal information concerning private individuals and/or government employees acting in their official capacity whose release could reasonably be expected to "constitute an unwarranted invasion of personal privacy." Disclosure could subject him/her to harassment. The mention of a private individual's name in a law enforcement file engenders comment and speculation and could produce an unfair stigma which could expose the individual to harassment or criticism. The individuals' substantial privacy interests outweigh any purported public interest in disclosure in these circumstances. |
| 0536-0554<br>0599-0605 | Incident/offense report | RIP<br>B6, B7C | This document contains personal information concerning private individuals and/or government employees acting in their official capacity whose release could reasonably be expected to "constitute an unwarranted invasion of personal privacy." Disclosure could subject him/her to harassment. The mention of a private individual's name in a law enforcement file engenders comment and speculation and could produce an unfair stigma which could expose the individual to harassment or criticism. The individuals' substantial privacy interests outweigh any purported public interest in disclosure in these circumstances. |
| 0555-0558<br>0563-0568<br>0573<br>0576-0580<br>0583 | Cuyahoga County Indictment | RIP<br>B6, B7C | This document contains personal information concerning private individuals and/or government employees acting in their official capacity whose release could reasonably be expected to "constitute an unwarranted invasion of personal privacy." Disclosure could subject him/her to harassment. The mention of a private individual's name in a law enforcement file engenders comment and speculation and could produce an unfair stigma which could expose the individual to harassment or criticism. The individuals' substantial privacy interests outweigh any purported |

| | | | |
|---|---|---|---|
| | | | public interest in disclosure in these circumstances. |
| 0559-0562<br>0569-0572<br>0574-0575<br>0581-0582<br>0584 | Cuyahoga County Journal Entry | RIP<br>B6, B7C | This document contains personal information concerning private individuals and/or government employees acting in their official capacity whose release could reasonably be expected to "constitute an unwarranted invasion of personal privacy." Disclosure could subject him/her to harassment. The mention of a private individual's name in a law enforcement file engenders comment and speculation and could produce an unfair stigma which could expose the individual to harassment or criticism. The individuals' substantial privacy interests outweigh any purported public interest in disclosure in these circumstances. |
| 0585-0598 | Criminal history record | RIP<br>B6, B7C | This document contains personal information concerning private individuals and/or government employees acting in their official capacity whose release could reasonably be expected to "constitute an unwarranted invasion of personal privacy." Disclosure could subject him/her to harassment. The mention of a private individual's name in a law enforcement file engenders comment and speculation and could produce an unfair stigma which could expose the individual to harassment or criticism. The individuals' substantial privacy interests outweigh any purported public interest in disclosure in these circumstances. |
| 0606-0623 | Cleveland division of police detail | RIP<br>B6, B7C | This document contains personal information concerning private individuals and/or government employees acting in their official capacity whose release could reasonably be expected to "constitute an unwarranted invasion of personal privacy." Disclosure could subject him/her to harassment. The mention of a private individual's name in a law enforcement file engenders comment and speculation and could |

| | | | |
|---|---|---|---|
| | | | produce an unfair stigma which could expose the individual to harassment or criticism. The individuals' substantial privacy interests outweigh any purported public interest in disclosure in these circumstances. |
| 0624-0625 | Laboratory report | RIP<br>B6, B7C | This document contains personal information concerning private individuals and/or government employees acting in their official capacity whose release could reasonably be expected to "constitute an unwarranted invasion of personal privacy." Disclosure could subject him/her to harassment. The mention of a private individual's name in a law enforcement file engenders comment and speculation and could produce an unfair stigma which could expose the individual to harassment or criticism. The individuals' substantial privacy interests outweigh any purported public interest in disclosure in these circumstances. |
| 0626-0628 | Notarized statement | RIP<br>B6, B7C | This document contains personal information concerning private individuals and/or government employees acting in their official capacity whose release could reasonably be expected to "constitute an unwarranted invasion of personal privacy." Disclosure could subject him/her to harassment. The mention of a private individual's name in a law enforcement file engenders comment and speculation and could produce an unfair stigma which could expose the individual to harassment or criticism. The individuals' substantial privacy interests outweigh any purported public interest in disclosure in these circumstances. |
| 0629<br>0632<br>0633 (has the only B3) | ATF photograph | RIP<br>B3 (Pub. L. No. 112-55), B6, B7C | Exemption 3 incorporates other nondisclosure provisions that are contained in other statutes. Consolidated and Further Continuing Appropriations Act of 2012, Pub. L. No. 112-55, 125 Stat. 552, 609–10 (2011) (codified at 18 U.S.C. § 923 note), commonly known as the |

| | | | |
|---|---|---|---|
| | | | 2012 Tiahrt Rider is exempt from disclosure pursuant to Exemption 3<br><br>This document contains personal information concerning private individuals and/or government employees acting in their official capacity whose release could reasonably be expected to "constitute an unwarranted invasion of personal privacy." Disclosure could subject him/her to harassment. The mention of a private individual's name in a law enforcement file engenders comment and speculation and could produce an unfair stigma which could expose the individual to harassment or criticism. The individuals' substantial privacy interests outweigh any purported public interest in disclosure in these circumstances. |
| 0634-0636 | ATF form 4473-1 | WIF<br>B3 Pub. L. No. 112-55, B7C | Exemption 3 incorporates other nondisclosure provisions that are contained in other statutes. Consolidated and Further Continuing Appropriations Act of 2012, Pub. L. No. 112-55, 125 Stat. 552, 609–10 (2011) (codified at 18 U.S.C. § 923 note), commonly known as the 2012 Tiahrt Rider is exempt from disclosure pursuant to Exemption 3<br><br>This document contains personal information concerning private individuals and/or government employees acting in their official capacity whose release could reasonably be expected to "constitute an unwarranted invasion of personal privacy." Disclosure could subject him/her to harassment. The mention of a private individual's name in a law enforcement file engenders comment and speculation and could produce an unfair stigma which could expose the individual to harassment or criticism. The individuals' substantial privacy interests outweigh any purported public interest in disclosure in these circumstances. |
| 0652-0653 | Berea police department | RIP | This document contains personal |

| | | | |
|---|---|---|---|
| | statement form | B6, B7C | information concerning private individuals and/or government employees acting in their official capacity whose release could reasonably be expected to "constitute an unwarranted invasion of personal privacy." Disclosure could subject him/her to harassment. The mention of a private individual's name in a law enforcement file engenders comment and speculation and could produce an unfair stigma which could expose the individual to harassment or criticism. The individuals' substantial privacy interests outweigh any purported public interest in disclosure in these circumstances. |
| 0654-0656 | Arrest warrant | RIP<br>B6, B7C | This document contains personal information concerning private individuals and/or government employees acting in their official capacity whose release could reasonably be expected to "constitute an unwarranted invasion of personal privacy." Disclosure could subject him/her to harassment. The mention of a private individual's name in a law enforcement file engenders comment and speculation and could produce an unfair stigma which could expose the individual to harassment or criticism. The individuals' substantial privacy interests outweigh any purported public interest in disclosure in these circumstances. |

Exhibit 2

Freedom of Information Act Request 5-9-23

EOUSA/DOJ/FOIA
175 N. St. NE
Rm 5400, 3 Con Bldg.
Washington, D.C. 20530

RECEIVED
MAY 31 2023

To Whom It May Concern,

This is a request under the Freedom of Information Act, 5 U.S.C. Sec. 552 ("FOIA"), and the Privacy Act, 5 U.S.C. sec. 552 a, on behalf of myself, Anthony H. Lett, for information regarding production of all records pretaining to Cuyahoga County Court of Common Pleas, case number 605940-16-CR, CR-16-608959-A from Cleveland, Ohio. Also, from the United State District Court for the Northern District of Ohio, case number 1:16-CR-198. As well as all records pretaining to the Heckler and Koch, 9mm, Serial number: 27-171439; Kahr Arms, Model: CW45, .45 caliber pistol (serial number: SG7855); Kahr Arms, Model: CM45, 45 caliber pistol (serial number: CA3372). Please direct this request to all appropriate offices and components and/or departments within the and including, but not limited to the office or components identified in this request.

The purpose of this request is to obtain information on the records that may assist me with my legal matters.

In this request, "Record" includes but not limited to all records pretaining to the above request. Including records of any warrants from the Cleveland Police Department, Warrant and Suspect Unit in Cleveland, Ohio.

I seek any and all records related to my detainment and arrest on or about April 30, 2016. My name is Anthony H. Left. My social security number is 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. My birthdate is 10-10-76. The agencies are Berea Police Department (BPD) in Berea, Ohio. Strongsville holding facility in Strongsville, Ohio. Cleveland Police Department (CPD) in Cleveland, Ohio. Any and all records on Morris Bruce Vowell #1815 from the Cleveland Police Department (CPD). Also send me a copy of any warrants that may have been issued / registered with the Cleveland Police Department (CPD) in Cleveland, Ohio on or about April 30, 2016.

I seek a general index listing all Cuyahoga County Court of Common Pleas (case number's: 605940-16-CR, CR-16-608959-A) from Cleveland, Ohio. United State District Court for the Northern District of Ohio, Eastern Division (case number: 1:16-CR-198). Cleveland, Police Department (CPD), Warrant and Suspect Unit on or about April 30, 2016.

Please provide the general index in the following format: printed and provide hard copy.

As a currently incarcerated individual, I request a fee waiver due to my indigent status. I am entitled to a fee waiver pursuant to 5 U.S.C. Sec. 552(a)(4)(A)(iii) on the grounds that the subject matter of this request concerns the operations or activities of the government and disclosure of the requested information is likely to contribute to a

significant understanding of government operations or activities. I have no commercial interest in the requested information.

If no fee waiver is granted, please provide me with an estimate of how much producing the requested records might cost before (No More Than $25.00) produces the records

I, Anthony H. Lett, certify that the above information is true and correct to the best of my Knowledge. I expect the FOIA and the agency's listed above to respond to this request within 20 business days of it's receipt pursuant to 5 U.S.C. Sec. 552(a)(6)(A)(i). If this request is denied in whole or in part, I ask that the FOIA provide explanation of all deletions by reference to specific FOIA exemptions.

Please furnish all applicable records and correspondence in printed and provide in hard copy, format as specified above to:

Mr. Anthony H. Lett #54850-060
U.S.P. TUCSON
P.O. Box 24550
TUCSON, AZ 85734

Sincerely,

Anthony H. Lett

* Cuyahoga County Clerk of Courts
1200 Ontario Street
Cleveland, Ohio 44113

Berea Municipal Court
11 Berea Commons
Berea, Ohio 44017

* Office of the Clerk
United States District Court
Northern District of Ohio
801 West Superior Avenue
Cleveland, Ohio 44113-1830

(Jail)
I do not know Strongsville holding facility's address... If it's possible, would you google that information. I need the booking report
Strongsville, Ohio

Anthony H. Lett # 54850-060
United States Penitentiary Tucson
P.O. Box 24550
Tucson, AZ 85734

PHOENIX AZ 852
16 MAY 2023 PM 5 L



PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT OF THE RETURN ADDRESS, FOLD AT DOTTED LINE
CERTIFIED MAIL®

7022 2410 0001 4498 2574

X-RAYED #2
MAY 30 2023
DOJ MAIL ROOM

INSPECTED 28

Freedom of Information Act
EOUSA/DOJ/FOIA
175 N. St. NE.
Rm. 5400, 3 Con. Bldg.
Washington, D.C. 20530
20530-

INSPECTED 23

Exhibit 3

Anthony H. Lett #54850-060
U.S.P. TUCSON
P.O. Box 24550
Tucson, Az 85734

May 22, 2023

EOUSA/DOJ/FOIA
175 N. St. NE.
Rm. 5400, 3 Con. Bldg.
Washington, D.C. 20530

RECEIVED
JUN - 7 2023

To Whom It May Concern:

This is a request under the Freedom of Information Act, 5 U.S.C. sec. 552 (FOIA), and the Privacy Act, 5 U.S.C Sec. 552 a, on behalf of myself, Anthony H. Lett, for information regarding production of all records pretaining to a warrant that was issued on or about April 30, 2016 from the Cleveland Police Department (CPD), Warrant and Suspect Unit and/or Cleveland Municipal Court. Also provide me with the production of all records pretaining to the Booking Report, investigation reports, video servilliance on or about April 30, 2016 from Strongsville (Jail) Police Department and Berea (Jail) Police Department. Please direct this request to all appropriate offices and components and/or departments within the City of Cleveland, Berea and Strongsville, Ohio and including, but not limited to the offices or components identified in this request.

The purpose of this request is to obtain information on the records that will assist me with my legal matters.

Exhibit A

In this request, "Record" includes, but not limited to the production of all records to the above request. Also provide me with the production of all records pretaining to Detective Morris Bruce Vowell #1815 of the Cleveland Police Department (Internal Affair Reports, Criminal Investigation, Criminal Charges, Criminal Complaints any Complaints, Demotion, Department Reprimand, etc...)

I seek any and all records related to my detainment and arrest on or About April 30, 2016. My name is Anthony H. Lett, My birth date 10-10-76. My social security number: 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. The agency is the Berea Police Department (BPD) Berea, Ohio., Strongsville Police Department (SPD) Strongsville, Ohio., Cleveland Police Department (CPD) Cleveland, Ohio., Cleveland Municipal Court, Cleveland, Ohio.

Berea Police Department
17 Berea Commons
Berea, Ohio 44017

Strongsville Police Department
18688 Royalton Road
Strongsville, Ohio 44136

Cleveland Municipal Court
1200 Ontario Street
Cleveland, Ohio 44113-1610

Division of Police Headquaters
Chief Wayne Drummond
1300 Ontario St.
Cleveland, Ohio 44112

First District
Commander Kevin Schwarz
3895 West 130th St.
Cleveland, Ohio 44111

Second District
Commander Thomas Stacho
3481 Fulton Road
Cleveland, Ohio 44109

Third District
Commander Michael Butler
4501 Chester Ave.
Cleveland, Ohio 44103

Fourth District
Commander Brendon Kutz
9333 Kinsman Road
Cleveland, Ohio 44104

Fifth District
Commander Johnny Johnson
881 East 152nd St.
Cleveland, Ohio 44106

I seek a general index listing all agency's requested above as well as the Internal Affairs Department that governs each agency.

Please provide the requested records in the following format: printed and hard copy.

As a currently incarcerated individual, I request a fee waiver due to my indigent status. I am entitled to a fee waiver pursuant to 5 U.S.C. Sec. 552(a)(4)(A)(iii) on the grounds that the subject matter of this request concerns the operation or activities of the government and the disclosure of the requested information is likely to contribute to a

Type text here

significant understanding of government operations or activities. I have no commercial interest in the requested information.

If no fee waiver is granted, please provide me with an estimate of how much producing the requested records might cost before FOIA produce the records.

I, Anthony H. Left, certify that the above information is true and correct to the best of my knowledge. I expect the FOIA to respond to this request within 20 business days of its receipt pursuant to 5 U.S.C. Sec. 552(a)(6)(A)(i). If this request is denied in whole or in part, I ask that the FOIA provide explanation of all deletions by reference to specific FOIA exemptions.

Please furnish all applicable records and correspondence in printed and hard copy, format as specified above to:

Anthony H. Left # 54850-060
U.S.P. Tucson
P.O. Box 24550
Tucson, AZ 85734

Sincerely,

Anthony H. Left

Anthony H. Lett #54850-060
United States ~~Pen~~ Penitentiary Tucson
P.O. Box 24550
Tucson, Az 85734



X-RAYED #2

MAY 31 2023

DOJ MAIL ROOM

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

CERTIFIED MAIL®

7022 2410 0001 4498 2666

INSPECTED 28

EOUSA/DOJ/FOIA
175 N. St. NE., Rm 5400, 3 Con. Bldg.
Washington, D.C. 20530

INSPECTED 23

20530-

**U.S. Department of Justice**

Executive Office for United States Attorneys

Freedom of Information and Privacy Staff

*Suite 5.400, 3CON Building*
*175N Street, NE*
*Washington, DC 20530*

*(202) 252-6020*

June 14, 2023

VIA

Anthony Lett
#54850-060
USP, P.O. Box 24550
Tucson, AZ 85734

Re: Request Number: EOUSA-2023-002401
Subject of Request: Self (specific records)/OHN

Dear Anthony Lett:

This letter acknowledges receipt of your Freedom of Information Act/Privacy Act (FOIA/PA) request in the Executive Office for United States Attorneys (EOUSA). Your request has been assigned tracking number EOUSA-2023-002401. Please refer to this number in any future correspondence with this Office.

The records you seek require a search in one or more field offices and potentially involves voluminous records and/or requires consultation with another agency/component with a substantial interest in the subject-matter and therefore falls within "unusual circumstances." *See* 5 U.S.C.S § 552(a)(6)(B)(i)-(iii). Accordingly, we are extending the time limit to respond to our request beyond the ten additional days provided by the statute. The time needed to process your request will necessarily depend on the complexity of our records search and on the volume and complexity of any records located. For your information, this Office assigns incoming requests to one of three tracks: simple, complex, or expedited. Each request is then handled on a first-in, first-out basis in relation to other requests in the same track. Simple requests usually receive a response in approximately 30 business days, whereas complex requests necessarily take longer. At this time, your request has been assigned to the complex track.

Under FOIA and Department of Justice regulations you may be required to pay certain costs associated with processing your request, including, searching for, reviewing, and duplicating requested records. Consequently, you may incur those costs, unless you have requested and been granted a waiver or reduction in fees. If you have requested a fee waiver, we have not yet made a decision on your request. We will do so after we determine whether the processing of your request will result in any assessable fees. In most instances, the first 100 pages to duplicate and the first two hours to search for records responsive to your request, will be

provided to you free of charge. If after making those allowances, we determine that the cost to process your request will amount to more than $25.00, we will notify you in writing at a later date.[1] Requests that are specific, concrete and of limited scope (in time and/or subject matter) generally enable us to respond to you more quickly and possibly assess lower fees. To avoid delay and reduce any potential fees, we respectfully request that you modify and narrow the scope of your request (*See* Attachment).

You may contact our FOIA Public Liaison at the Executive Office for United States Attorneys (EOUSA) for any further assistance and to discuss any aspect of your request. The contact information for EOUSA is 175 N Street, NE, Suite 5.400, Washington, DC 20530; telephone at 202-252-6020. Additionally, you may contact the Office of Government Information Services (OGIS) at the National Archives and Records Administration to inquire about the FOIA mediation services they offer. The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001; e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

Sincerely,



Kevin Krebs
Assistant Director

Attachment

[1] Search and review fees by professional personnel are charged at $40 per hour and duplication fees are assessed at five cents per page.

**THIS IS NOT A BILL. DO NOT SEND MONEY**

Requester: Anthony Lett Request No. EOUSA-2023-002401

**CHOOSE ONE**

____ I wish to narrow my request in an attempt to obtain a faster response and/or reduce fees as follows:

____ I understand that I am entitled to the first 100 pages and two hours of search time for free. Please do not search beyond two hours, nor duplicate beyond 100 pages.

____ I agree to pay up to the following amount for duplication and search time: $____________. **I understand that this payment is required even if no documents are located or released to me**. In the event that documents are located and released to me, I understand that I may be charged duplication fees in addition to search fees.

____I wish to withdraw my request.

_____________________________ __________________

Signature Date

Please return to:
EOUSA
FOIA/PA
175 N Street, NE, 5th Floor, FOIA Suite
Washington, DC 20530

**U.S. Department of Justice**

Executive Office for United States Attorneys

Freedom of Information and Privacy Staff

*Suite 5.400, 3CON Building*
*175N Street, NE*
*Washington, DC 20530*

*(202) 252-6020*

January 14, 2025

VIA

Anthony Lett
#54850-060
USP, P.O. Box 1034
Coleman, FL 33521

Re: Request Number EOUSA-2023-002401/ LIT-2025-000006
Date of Receipt: June 07, 2023
Subject of Request: "all records pertaining to the Cuyahoga Co cases CR-16-605940 (a state rape case and CR-16-608959 (that state gun case dismissed for our federal prosecution). Information regarding Federal case 16-CR-198.

Dear Anthony Lett:

Your request for records under the Freedom of Information Act/Privacy Act has been processed. This letter constitutes an interim reply from the Executive Office for United States Attorneys, the official record-keeper for all records located in this office and the various United States Attorneys' Office.

To provide you with the greatest degree of access authorized by the Freedom of Information Act and the Privacy Act, we have considered your request in light of the provisions of both statutes. The records you seek are located in a Privacy Act system of records that, in accordance with regulations promulgated by the Attorney General, is exempt from the access provisions of the Privacy Act. 28 CFR § 16.81. We have also processed your request under the Freedom of Information Act and are making all records required to be released, or considered appropriate for release as a matter of discretion, available to you. Please be advised that we have considered the foreseeable harm standard when reviewing records and applying FOIA exemptions. You have requested records regarding state cases. For the state cases you need to request that information from the State that prosecuted the case.

Enclosed please find:

427 pages are being released in full (RIF);
2 pages are being released in part (RIP);
83 pages are withheld in full (WIF). **The redacted/withheld documents were reviewed to determine if any information could be segregated for release.**

The exemptions cited for withholding records or portions of records are marked below. An enclosure to this letter explains the exemptions in more detail.

(b)(6)
(b)(7)(C)
Court Sealed

Under the Freedom of Information Act, an agency has no discretion to release any record covered by an injunction, protective order, or court seal which prohibits disclosure. See GTE Sylvania, Inc. v. Consumers Union, 445 U.S. 375, 386-387 (1980); See also Robert Tyrone Morgan v. U.S. Dept. of Justice, 923 F.2d 195 (D.C. Cir. 1991).

Our office located records that originated with another government component. **These records were found in the U.S. Attorney's Office files.** These records will be consulted on and EOUSA will provide a response after consultation.

If you have any questions please contact the Assistant United States Attorney assigned to the case.

Sincerely,

Kevin Krebs
Assistant Director

Enclosure(s)

## EXPLANATION OF EXEMPTIONS

**FOIA: TITLE 5, UNITED STATES CODE, SECTION 552**

(b) (1) (A) specifically authorized under criteria established by and Executive order to be kept secret in the in the interest of national defense or foreign policy and (B) are in fact properly classified pursuant to such Executive order;

(b)(2) related solely to the internal personnel rules and practices of an agency;

(b)(3) specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4) trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5) inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6) personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy;

(b)(7) records or information compiled for law enforcement purposes, but only the extent that the production of such law enforcement records or information (A) could reasonably be expected to interfere with enforcement proceedings, (B) would deprive a person of a right to a fair trial or an impartial adjudication, (C) could reasonably be expected to constitute an unwarranted invasion of personal privacy, (D) could reasonably be expected to disclose the identity of a confidential source, (E) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or (F) could reasonably be expected to endanger the life or physical safety of any individual.

(b)(8) contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9) geological and geophysical information and data, including maps, concerning wells.

**PRIVACY ACT: TITLE 5, UNITED STATES CODE, SECTION 552a**

(d)(5) information complied in reasonable anticipation of a civil action proceeding;

(j)(2) material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control, or reduce crime or apprehend criminals;

(k)(1) information which is currently and properly classified pursuant to Executive Order 12356 in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2) investigatory material complied for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(3) material maintained in connection with providing protective services to the President of the United States or any other individual pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4) required by statute to be maintained and used solely as statistical records;

(k)(5) investigatory material compiled solely for the purpose of determining suitability eligibility, or qualification for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his identity would be held in confidence;

(k)(6) testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government service the release of which would compromise the testing or examination process;

(k)(7) material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the person who furnished the material pursuant to a promise that his identity would be held in confidence.

**U.S. Department of Justice**

Executive Office for United States Attorneys

Freedom of Information and Privacy Staff

*Suite 5.400, 3CON Building*
*175N Street, NE*
*Washington, DC 20530*

*(202) 252-6020*

June 3, 2025

VIA

Anthony Lett
#54850-060
USP, P.O. Box 1034
Coleman, FL 33521

Re: Request Number EOUSA-2023-002401/ LIT-2025-000006
Date of Receipt: June 07, 2023
Subject of Request: "all records pertaining to the Cuyahoga Co cases CR-16-605940 (a state rape case and CR-16-608959 (that state gun case dismissed for our federal prosecution). Information regarding Federal case 16-CR-198.

Dear Anthony Lett:

Your request for records under the Freedom of Information Act/Privacy Act has been processed. This letter constitutes a 2nd and final interim reply from the Executive Office for United States Attorneys, the official record-keeper for all records located in this office and the various United States Attorneys' Office.

To provide you with the greatest degree of access authorized by the Freedom of Information Act and the Privacy Act, we have considered your request in light of the provisions of both statutes. The records you seek are located in a Privacy Act system of records that, in accordance with regulations promulgated by the Attorney General, is exempt from the access provisions of the Privacy Act. 28 CFR § 16.81. We have also processed your request under the Freedom of Information Act and are making all records required to be released, or considered appropriate for release as a matter of discretion, available to you. Please be advised that we have considered the foreseeable harm standard when reviewing records and applying FOIA exemptions. You have requested records regarding state cases. For the state cases you need to request that information from the State that prosecuted the case.

Enclosed please find:

25 pages are being released in full (RIF);
116 pages are being released in part (RIP);
3 pages are withheld in full (WIF). **The redacted/withheld documents were reviewed to determine if any information could be segregated for release.**

The exemptions cited for withholding records or portions of records are marked below. An enclosure to this letter explains the exemptions in more detail.

(b)(3) - Pub. L. No. 112-55, 125 Stat. 552, 609-10 (Consolidated Appropriations Act, 2012)
(b)(6)
(b)(7)(C)
(b)(7)(E)

If you have any questions please contact the Assistant United States Attorney assigned to the case.

Sincerely,

Kevin Krebs
Assistant Director

Enclosure(s)

**EXPLANATION OF EXEMPTIONS**

**FOIA: TITLE 5, UNITED STATES CODE, SECTION 552**

(b) (1) (A) specifically authorized under criteria established by and Executive order to be kept secret in the in the interest of national defense or foreign policy and (B) are in fact properly classified pursuant to such Executive order;

(b)(2) related solely to the internal personnel rules and practices of an agency;

(b)(3) specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4) trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5) inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6) personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy;

(b)(7) records or information compiled for law enforcement purposes, but only the extent that the production of such law enforcement records or information (A) could reasonably be expected to interfere with enforcement proceedings, (B) would deprive a person of a right to a fair trial or an impartial adjudication, (C) could reasonably be expected to constitute an unwarranted invasion of personal privacy, (D) could reasonably be expected to disclose the identity of a confidential source, (E) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or (F) could reasonably be expected to endanger the life or physical safety of any individual.

(b)(8) contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9) geological and geophysical information and data, including maps, concerning wells.

**PRIVACY ACT: TITLE 5, UNITED STATES CODE, SECTION 552a**

(d)(5) information complied in reasonable anticipation of a civil action proceeding;

(j)(2) material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control, or reduce crime or apprehend criminals;

(k)(1) information which is currently and properly classified pursuant to Executive Order 12356 in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2) investigatory material complied for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(3) material maintained in connection with providing protective services to the President of the United States or any other individual pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4) required by statute to be maintained and used solely as statistical records;

(k)(5) investigatory material compiled solely for the purpose of determining suitability eligibility, or qualification for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his identity would be held in confidence;

(k)(6) testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government service the release of which would compromise the testing or examination process;

(k)(7) material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the person who furnished the material pursuant to a promise that his identity would be held in confidence.