**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

ANTHONY LETT,

*Plaintiff*,

v.

U.S. DEPARTMENT OF JUSTICE, *et al.*,

*Defendants*.

Civil Action No. 23-3942 (SLS)
Judge Sparkle L. Sooknanan

# MEMORANDUM OPINION

Anthony Lett is currently an inmate in federal custody. In May 2023, Mr. Lett submitted requests to the Executive Office of the United States Attorneys (EOUSA) under the Freedom of Information Act (FOIA) and the Privacy Act, seeking records related to state and federal criminal prosecutions against him roughly a decade ago. He believes that the records may provide him with evidence to challenge his convictions. EOUSA denied Mr. Lett's Privacy Act request. But it disclosed various documents under FOIA while relying on statutory exemptions to withhold others. Mr. Lett then sued the Department of Justice (DOJ) and the Federal Bureau of Prisons (BOP) alleging violations of FOIA and the Privacy Act. The Defendants now move for summary judgment. The Court grants the Defendants' motion in part and denies it in part.

## BACKGROUND

### A. Statutory Background

"FOIA 'implements a general philosophy of full agency disclosure.'" *Informed Consent Action Network (ICAN) v. NIH*, No. 23-cv-926, 2026 WL 585104, at *1 (D.D.C. Mar. 3, 2026) (citation modified) (quoting *DOJ v. Reps. Comm. for Freedom of the Press*, 489 U.S. 749, 754 (1989)). The statute "requires every federal agency, upon request, to make 'promptly available to

any person' any 'records' so long as the request 'reasonably describes such records.'" *Assassination Archives & Rsch. Ctr. v. CIA*, 334 F.3d 55, 57 (D.C. Cir. 2003) (quoting 5 U.S.C. § 552(a)(3)). "Agencies must construe FOIA requests liberally and can only withhold or redact documents if the information requested 'falls within one of nine statutory exemptions.'" *ICAN*, 2026 WL 585104, at *1 (quoting *People for the Ethical Treatment of Animals (PETA) v. NIH*, 745 F.3d 535, 540 (D.C. Cir. 2014)); *see* 5 U.S.C. § 552(b)(1)–(9). "These exemptions demonstrate that the public's right to information is 'not absolute and that disclosure of certain information may harm legitimate governmental or private interests.'" *Am. Ctr. for L. & Just. v. FBI*, No. 22-cv-3711, 2026 WL 1585366, at *1 (D.D.C. June 3, 2026) (citation modified) (quoting *Martin v. DOJ*, 488 F.3d 446, 453 (D.C. Cir. 2007)). "The agency bears the burden of establishing that an exemption applies" and ordinarily "must disclose all reasonably segregable, nonexempt portions of the requested record(s)." *PETA*, 745 F.3d at 540 (cleaned up).

**B. Factual and Procedural Background**

Mr. Lett is currently serving a federal sentence. Defs.' Mem. Supp. Mot. Summ. J. (Mot.) 1, ECF No. 25; Finney Decl., Ex. 2 at 19, ECF No. 25-1.[1] In May 2023, he mailed two requests for records to EOUSA, concurrently invoking FOIA and the Privacy Act. Finney Decl., Ex. 2–3; Defs.' Statement of Material Facts (Defs.' SOMF) ¶ 1, ECF No. 25-3. He sought "all records related to [his] detainment and arrest on or about April 30, 2016," including those pertaining to: (1) Cuyahoga County Court of Common Pleas, case number 605940-16-CR; (2) CR-16-608959-A from Cleveland, Ohio; (3) the U.S. District Court for the Northern District of Ohio, case number 16-CR-198; (4) a Heckler and Koch, 9 mm firearm, serial number 27-171439; (5) a Kahr Arms,

[1] Where filings are not independently paginated, the Court refers to numbering assigned by the Court's electronic filing system (ECF) for ease of reference.

Model: CW45, .45 caliber pistol, serial number 5G7855; (6) a Kahr Arms, Model: CW45, .45 caliber pistol, serial number: CA3372; and (7) a warrant, booking report, investigation reports, and video surveillance from the local Cleveland, Strongsville, and Berea police departments and jails "on or around" April 30, 2016. Defs.' SOMF ¶¶ 2–4; Finney Decl. Exs. 2–3. In December 2023, Mr. Lett filed this suit pro se against DOJ and BOP, asserting his claims under FOIA and the Privacy Act. Mot. 2; Compl., ECF No. 1.

In response to his requests, the Defendants conducted searches for Mr. Lett's name and case number within several file systems. Galvin Decl. ¶¶ 8–9, ECF No. 25-2. The U.S. Attorney's Office for the Northern District of Ohio, which had prosecuted Mr. Lett's federal case, submitted 656 pages of documents to EOUSA, and EOUSA in turn determined that they were all responsive to Mr. Lett's requests. Mot. 7; Finney Decl. ¶ 13; Defs.' SOMF ¶ 7. EOUSA then conducted a "page-by-page, line-by-line review" of the documents, Finney Decl. ¶ 37, and determined to release 452 pages in full, release 118 pages in part, and withhold 86 pages in full pursuant to 5 U.S.C. § 552(b)(3), (b)(6), (b)(7)(C), and (b)(7)(E) (FOIA Exemptions 3, 6, 7(C), and 7(E), respectively) and a court-ordered seal on some requested records, *id.* ¶¶ 13–34; Defs.' SOMF ¶¶ 7, 9–12; *see* Finney Decl., Ex. 1 (*Vaughn* Index). EOUSA also withheld six pages that it determined were "duplicates" of pages already provided. *Vaughn* Index at 10; Reply 3, ECF No. 34. It is unclear whether those duplicates are six "of the" 656 pages originally furnished by the Northern District of Ohio U.S. Attorney's Office, Mot. 7; Finney Decl. ¶ 13; Defs.' SOMF ¶ 7, or "[an]other" six pages of unknown origin, *Vaughn* Index at 10.[2]

[2] The Defendants' *Vaughn* Index appears to account for all 204 pages that EOUSA withheld in full or in part under various justifications, but it does not account for purported duplicates. *See, generally*, *Vaughn* Index. Those 204 pages, together with the 452 pages that EOUSA released in full to Mr. Lett, total 656.

According to its determinations, EOUSA released records to Mr. Lett in two batches in January and June 2025. *Vaughn* Index at 10. The agency then notified Mr. Lett that it considered his request fulfilled. Finney Decl., Ex. 5 at 34. The Defendants now move for summary judgment. Mot. The motion is fully briefed and ripe for review. *See* Opp'n, ECF No. 32; Reply.

**LEGAL STANDARD**

A "court shall grant summary judgment if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The burden is on the movant to make the initial showing of the absence of any genuine issues of material fact." *Ehrman v. United States*, 429 F. Supp. 2d 61, 66 (D.D.C. 2006). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in [its] favor." *Estate of Parsons v. Palestinian Auth.*, 651 F.3d 118, 123 (D.C. Cir. 2011) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)).

FOIA requires federal agencies to "conduct an adequate search for responsive records" upon a request from a member of the public. *Rodriguez v. DOD*, 236 F. Supp. 3d 26, 34 (D.D.C. 2017) (cleaned up). And "an agency is entitled to summary judgment if no material facts are in dispute and if it demonstrates 'that each document that falls within the class requested either has been produced . . . or is wholly exempt from the Act's inspection requirements.'" *Students Against Genocide v. Dep't of State*, 257 F.3d 828, 833 (D.C. Cir. 2001) (quoting *Goland v. CIA*, 607 F.2d 339, 352 (D.C. Cir. 1978)). "The agency can make this showing through the submission of an index of documents, known as a Vaughn index, sufficiently detailed affidavits or declarations, or both." *Sarras v. DOJ*, No. 19-cv-0861, 2023 WL 6294164, at *6 (D.D.C. Sept. 27, 2023) (cleaned up). A court will accord an agency's declarations "a presumption of good faith, which cannot be rebutted by purely speculative claims about the existence and discoverability of other documents." *Shapiro v. DOJ*, 40 F.4th 609, 613 (D.C. Cir. 2022) (quoting *Bartko v. DOJ*, 898 F.3d 51, 74 (D.C.

Cir. 2018)). A court may likewise rely on agency declarations to support exemptions under the Privacy Act. *See Chambers v. U.S. Dep't of the Interior*, 568 F.3d 998, 1003 (D.C. Cir. 2009).

**DISCUSSION**

Mr. Lett argues that the Defendants failed to produce five categories of documents under FOIA: (1) a firearm transaction report of a Kahr Arms .45 caliber pistol with the serial number #CA3372, (2) records of a warrant issued on April 30, 2016, from the Cleveland Police Department warrant and suspect unit and/or the Cleveland Municipal Court, (3) a booking report or video from April 30, 2016, in the Strongsville Police Department (Jail) or Berea Police Department (Jail), (4) six pages that they determined to be duplicates of pages already provided or not responsive, and (5) ATF Form 4473. Opp'n 1–3.[3] The Defendants argue that categories (1) and (5) were properly withheld pursuant to the Tiahrt Rider under FOIA Exemption 3; that (2) and (3) were disclosed and properly redacted under FOIA exemptions 6 and 7(C); and that (4) was properly withheld as non-responsive or duplicative. Mot. 7–15. The Court addresses each argument in turn. It ultimately determines that the Defendants are entitled to summary judgment with respect to all withholdings except the six documents withheld as duplicative or non-responsive.

[3] The Court instructed Mr. Lett to respond to each of the assertions that he disputed in the Defendants' Motion for Summary Judgment. *Fox*/*Neal* Order (Jan. 30, 2026), ECF No. 26. Yet in opposing summary judgment, Mr. Lett did not argue that the Defendants failed to comply with the Privacy Act; he challenged only the Defendants' response to his "FOIA request." *See* Opp'n 3, 5. Accordingly, Mr. Lett has conceded any arguments about the Privacy Act. *See Hopkins v. Women's Div., Gen. Bd. of 2 Glob. Ministries*, 284 F. Supp. 2d 15, 25 (D.D.C. 2003) ("It is well understood in this Circuit that when a plaintiff files an opposition to a dispositive motion and addresses only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded.").

### A. Firearm Report

Mr. Lett argues that the Defendants improperly withheld an "official firearm transaction report" for a "Kahr Arms .45 caliber pistol" #CA3372 and an ATF "Form '4473[.]'" Opp'n 1–3. According to the *Vaughn* index, the only firearm transaction report is ATF Form 4473, so only one document is at issue. *See* Reply 2; *Vaughn* Index, at 16; Finney Decl. ¶ 17. And the Court concludes that the Defendants correctly withheld that document pursuant to FOIA Exemption 3 and/or the Tiahrt Rider.

Exemption 3 permits an agency to withhold information "specifically exempted from disclosure by statute" if that statute "(i) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue" or "(ii) establishes particular criteria for withholding or refers to particular types of matters to be withheld[.]" 5 U.S.C. § 552(b)(3)(A). Here, the Defendants rely on the "Tiahrt Rider" as the statute that bars disclosure. Mot. 9 (citing Consolidated and Further Continuing Appropriations Act, 2012, Pub. L. No. 112-55, 125 Stat. 552, 609–10 (2011) (Tiahrt Rider) (codified at 18 U.S.C. § 923 note)); *Vaughn* Index at 15–16. Since 2003, Congress has repeatedly enacted Tiahrt Riders in federal appropriations bills. *See Mayor & City Council of Balt. v. ATF* (*Baltimore*), 816 F. Supp. 3d 107, 111 (D.D.C. 2026). These riders place certain restrictions on the disclosure of data from the Bureau of Alcohol, Tobacco, Firearms, and Explosive's (ATF) Firearms Tracing System (FTS) database. *Id.* Congress conceived of the Tiahrt Rider out of a specific "'concern[ ] that certain law enforcement databases may be subject to public release under the Freedom of Information Act' and that the release of firearms trace data would 'jeopardiz[e] criminal investigations and officer safety' and 'pose a risk' to 'the privacy of innocent citizens.'" *Id.* (quoting H.R. Rep. No. 107-575 at 20 (2002)). But the rider has not expressly referenced FOIA since 2004. *Id.* The current version, passed in 2012, provides that FTS

data "shall not be used, relied on, or disclosed in any manner . . . in a civil action in . . . Federal court" and "shall be immune from legal process" except in circumstances not relevant here. 18 U.S.C. § 923 note.

Prior to 2009, "federal courts uniformly understood the Tiahrt Riders to exempt FTS data from FOIA disclosure." *Everytown for Gun Safety Support Fund v. ATF*, 984 F.3d 30, 33 (2d Cir. 2020). But in 2009, Congress enacted the OPEN FOIA Act of 2009. Department of Homeland Security Appropriations Act, Pub. L. No. 111-83, § 564, 123 Stat. 2142, 2184 (2009) (codified at 5 U.S.C. § 552(b)(3)(B)). That law "amended Exemption 3 to provide that covered withholding statutes enacted after October 28, 2009, must 'specifically cite[]' to section 552(b)(3)" to be exempted from FOIA's disclosure requirement. *Baltimore*, 816 F. Supp. 3d at 112 (quoting 5 U.S.C. § 552(b)(3)(B)). The Tiahrt Rider has been repeatedly reenacted after 2009 without any express reference to Section 552(b)(3). *Id.*

Since 2009, courts have diverged on whether the Tiahrt Rider triggers Exemption 3. *See Michael v. DOJ*, No. 17-cv-0197, 2018 WL 4637358, at *8 (D.D.C. Sep. 27, 2018) (collecting cases). The "predominant[]" view in this District is that reliance on the Tiahrt Rider remains a valid basis to withhold covered documents. *Id.* But courts have arrived at that conclusion by different paths. Some courts have held that "the disclosure prohibitions set forth by Congress in the 2005 and 2008 appropriations bills are still effective prospectively" irrespective of the language in the operative 2012 rider. *Abdeljabbar v. ATF*, 74 F. Supp. 3d 158, 175 (D.D.C. 2014). Others have concluded that because Congress "continued to use this antidisclosure language throughout the 2000s and courts uniformly held that the Tiahrt Riders exempted FTS data from FOIA disclosure," "[t]he interceding enactment of the OPEN FOIA Act's specific-citation requirement does not overcome the elementary principle that Congress uses the same language to accomplish

the same objective." *Everytown for Gun Safety*, 984 F.3d at 41–42; *see also Tex. Dep't of Hous. & Cmty. Affs. v. Inclusive Communities Project, Inc.*, 576 U.S. 519, 536 (2015) ("If a word or phrase has been . . . given a uniform interpretation by inferior courts . . ., a later version of that act perpetuating the wording is presumed to carry forward that interpretation." (cleaned up)). And still others have held that the 2012 Tiahrt Rider merely supersedes the OPEN FOIA Act's specific citation requirement and thus serves "as a standalone basis for declining" to disclose documents in response to a FOIA request. *Baltimore*, 816 F. Supp. 3d at 125.

In light of the limited briefing in this pro se action and the weight of these persuasive authorities, the Court agrees that "whether referred to as an Exemption 3 withholding or a Tiahrt Rider withholding," data covered by the Rider may not be disclosed under FOIA. *Id.* Here, the ATF Form 4473 at issue clearly "fall[s] within [the Rider's] coverage" and is thus exempt from disclosure under FOIA. *Labow v. DOJ*, 831 F.3d 523, 527 (D.C. Cir. 2016) (quoting *Newport Aeronautical Sales v. Dep't of the Air Force*, 684 F.3d 160, 165 (D.C. Cir. 2012)). The ATF form 4473 comes from the FTS database. Finney Decl. ¶ 15; *Vaughn* Index at 15–16; Finney Decl. ¶ 15. And the Tiahrt Rider provides that materials from that database "shall not be . . . disclosed in any manner . . . in a civil action." 18 U.S.C. § 923 note. Accordingly, the Court concludes that the Defendants properly withheld the ATF Form 4473.

**B. Investigative Records**

Next, Mr. Lett challenges EOUSA's withholding of "a warrant issued on April 30th, 2016, from the Cleveland Police Department warrant and suspect unit and/or the Cleveland Municipal Court," as well as "a booking report or video surveillance on April 30th, 2016 from the Strongsville Police Department (Jail) or Berea Police Department (Jail)." Opp'n 2. But EOUSA released both a warrant and a "Berea police department statement form" to Mr. Lett. *See Vaughn* Index, at 16–

17. And the *Vaughn* index does not reflect that the Defendants have any other records that are responsive to Mr. Lett's request. The Court understands that Mr. Lett did not receive documents that are important to him, but "speculative claims about the existence and discoverability of other documents" are insufficient to challenge the adequacy of an agency's search for responsive records. *Am. Oversight v. HHS*, 101 F.4th 909, 923 (D.C. Cir. 2024) (quoting *Ground Saucer Watch, Inc. v. CIA*, 692 F.2d 770, 771 (D.C. Cir. 1981)). FOIA "does not obligate agencies to create or retain documents; it only obligates them to provide access to those which it in fact has created and retained." *Kissinger v. Reps. Comm. for Freedom of the Press*, 445 U.S. 136, 152 (1980).

To the extent that Mr. Lett intended to challenge the redactions of third-party personal information from those records, that contention fails, too. Relying on Exemptions 6 and 7(C), the Defendants withheld identifying information of "(1) detectives and investigating agents; (2) other government employees; and (3) private third parties mentioned in . . . criminal investigative files." Finney Decl. ¶ 26; *see Vaughn* Index at 11–15. Exemptions 6 and 7(C) cover personal identifiable information of "investigators, suspects, witnesses, and informants." *Schrecker v. DOJ*, 349 F.3d 657, 661, 666 (D.C. Cir. 2003) (collecting cases); *see also ACLU v. DOJ*, 655 F.3d 1, 6 (D.C. Cir. 2011) (noting that Exemption 7(C) establishes a comparatively "lower bar" for withholding materials, so the Court need only consider whether the agency properly invoked Exemption 7(C) when an agency relies on both Exemptions 6 and 7(C)). And "[i]t is well established that an individual's personal interest in challenging his criminal conviction" does not override the privacy interest of individuals covered by these exemptions. *Carzoglio v. Exec. Off. for U.S. Att'ys*, No. 24-cv-2080, 2026 WL 295387, at *4 (D.D.C. Feb. 4, 2026) (cleaned up).

Mr. Lett appeals to this Court's sense of "justice" having "spent the last 10 years of [his] life fighting for freedom . . . with one arm behind [his] back." Opp'n 5. The Court sympathizes with Mr. Lett's struggles and understands his quest to find potentially exonerating information. But FOIA is not "a substitute for discovery in criminal cases or in habeas proceedings." *Carzoglio*, 2026 WL 295387, at *4 (quoting *Roth v. DOJ*, 642 F.3d 1161, 1177 (D.C. Cir. 2011)). Commonly, "habeas corpus is the exclusive remedy when a [prisoner] challenges the fact or duration of his confinement" under federal law. *Feaster v. BOP*, No. 10-cv-502, 2010 WL 2169503, at *1 (D.D.C. May 27, 2010) (citing *Wilkinson v. Dotson*, 544 U.S. 74, 79 (2005)). Meanwhile, the purpose of FOIA is "to pierce the veil of administrative secrecy and to open agency action to the light of public scrutiny" through "a workable formula which encompasses, balances, and protects [various] interests," including those of the "Executive branch[.]" *Dep't of Air Force v. Rose*, 425 U.S. 352, 361 (1976) (cleaned up). Mr. Lett's "ability to challenge his conviction, though understandably important to him, is generally not considered a cognizable public interest under FOIA" since that Act is focused on the public's interest in "an agency's own conduct" and not a plaintiff's "personal stake in the release of the requested information[.]" *Carzoglio*, 2026 WL 295387, at *4 (cleaned up). This Court may not convert FOIA into a tool to "obtain[] whatever information might bolster . . . collateral attacks on [one's] conviction." *Id.* (quoting *Roth*, 642 F.3d at 1177).

Ultimately, the Court concludes that the Defendants complied with their FOIA obligations with respect to the investigative records. *See Beck v. DOJ*, 997 F.2d 1489, 1494 (D.C. Cir. 1993).

**C. Non-Responsive and Duplicative Pages**

Finally, EOUSA withheld six pages because they "were either not responsive or duplicative of other pages[.]" Mot. 7. Mr. Lett contests that those pages were "duplicates" or otherwise irrelevant. Opp'n 2; *see also* Reply 3 (construing Mr. Lett's argument similarly). And the

Defendants offer only two sentences in response, parroting conclusory language from their declarant: "This argument does not address any of the claimed exemptions but only EOUSA's withholding of the six pages. EOUSA had properly determined that the pages were either not responsive or duplicative of other pages that had already been provided." Reply 3; *see* Finney Decl. ¶ 13 ("EOUSA determined that six of the pages were either not [responsive] or duplicative of other pages that had already been provided."); *see also* SOMF ¶ 7 ("EOUSA determined that six of the pages were either not or duplicative of other pages that had already been provided."); *see also* Vaughn Index 10 (same).

On this record, the Court may not grant summary judgment to the Defendants as to these six pages. The Defendants provide no legal citations or other authorities that explain why they may withhold duplicative documents, why these documents are duplicative, or what standard this Court should use to review their determination. *See* Mot. 7–15; Reply 3; *Vaughn* Index at 10; Finney Decl.¶ 13. Ultimately, the Defendants bear the burden of demonstrating their entitlement to summary judgment. *See PETA*, 745 F.3d at 540. Accordingly, the Court will order the Defendants to submit either a revised *Vaughn* index or a supplemental declaration that supports their withholdings of the six pages. Alternatively, they may resolve this dispute by producing those pages to Mr. Lett.[4]

[4] Mr. Lett requests $2 million in compensation for any deficiencies by the Government in this FOIA action. Opp'n 5. But "[i]t is well-settled that monetary damages are not available under FOIA." *Ross v. United States*, 460 F. Supp. 2d 139, 151 (D.D.C. 2006) (cleaned up).

## CONCLUSION

For the foregoing reasons, Court grants in part and denies in part the Defendants' motion for summary judgment, ECF No. 25.

A separate order will issue.

SPARKLE L. SOOKNANAN
United States District Judge

Date: August 28, 2026